MAYES, Appellant,

v.

CITY OF COLUMBUS et al., Appellees.

[Cite as *Mayes v. Columbus* (1997), 124 Ohio App.3d 411.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE05–597.

Decided Dec. 11, 1997.

412

*David K. Greer; Plymale & Associates* and *Andrew W. Cecil,* for appellant.

*Janet E. Jackson,* City Attorney, and *Christopher R. Yates,* Assistant City Attorney, for appellees.

---

BOWMAN, Judge.

On May 5, 1991, Columbus Police Officers, Molly Smith and Donald Junk, responded to a burglary-in-progress call. Three men, including appellant, Albert Mayes, were arrested and subsequently interviewed by Detective Lorena Schrader. Appellant was indicted for aggravated burglary and robbery. The trial court sustained a motion for acquittal, pursuant to Crim.R. 29, at the close of the state's case.

Appellant filed an action in the Franklin County Court of Common Pleas against appellees, the city of Columbus, Molly Smith, Donald Junk and the Columbus Division of Police for false arrest, malicious prosecution, and violation of Section 1983, Title 42, U.S.Code ("Section 1983 action"). Appellant amended the complaint and added Schrader as an additional defendant and, during the course of the trial, Junk was dismissed from the case. The trial court granted appellees' motion for directed verdict on all claims.

Appellant appealed and this court found that appellant had provided sufficient evidence to avoid a directed verdict on his claims of malicious prosecution and the Section 1983 action against Smith and Schrader in their personal capacities. The case was remanded for a new trial. See *Mayes v. Columbus* (1995), 105 Ohio App.3d 728, 664 N.E.2d 1340.

The case was retried, and the jury found a general verdict in favor of appellant and granted $20,000 as compensatory damages and $15,000 as punitive damages against Schrader, and awarded $20,000 as compensatory and $5,000 as punitive damages against Smith. Eight interrogatories were submitted to the jury and were answered as follows:

"1. Do you find that Defendant Smith instituted or continued the malicious prosecution of Albert Mayes?

"No.

"2. Do you find that Defendant Smith misused power given to her by authority of state law to deprive Albert Mayes of one or more of his rights secured by the United States Constitution?

"Yes.

"3. Do you find that Defendant Schrader instituted or continued the malicious prosecution of Albert Mayes?

"No.

"4. Do you find that Defendant Schrader misused power given to her by authority of state law to deprive Albert Mayes of one or more of his rights secured by the United States Constitution?

"Yes.

"5. Do you believe one or both of the Defendants is liable for punitive damages to Albert Mayes?

"Yes.

"6. If your answer to the preceding Interrogatory is 'yes', which Defendant(s)?

"Smith. Schrader.

"7. If your answer to the preceding interrogatory is 'yes', how much do you award Albert Mayes in punitive damages?

"Defendant Smith $5,000.

"Defendant Schrader $15,000.

"8. If you have indicated that one or both Defendant(s) are liable for punitive damages, do you also believe that the Defendant(s) are responsible for payment of Albert Mayes attorney's fees?"

"Yes."

The trial court found that the interrogatories were inconsistent with the jury instructions since the court had instructed the jury that they must find in appellant's favor on the malicious prosecution issue before considering the Section 1983 action, and the jury found a Section 1983 violation but interrogatories numbers one and three indicated the jury did not find in appellant's favor on the malicious prosecution issue. The trial court granted appellees' Civ.R. 50(B) motion for a judgment notwithstanding the verdict and overruled as moot appellant's motion for prejudgment interest.

Appellant has appealed and raises the following assignments of error:

"I. The trial court erred in granting appellees' motion for judgment notwithstanding the verdicts.

"II. The trial court erred in denying as 'moot' appellant's motion for a hearing on attorney fees and prejudgment interest."

By the first assignment of error, appellant contends that the trial court erred in granting appellees' motion for judgment notwithstanding the verdict.

Civ.R. 50 discusses the motion for judgment notwithstanding the verdict as follows:

"(B) Motion for judgment notwithstanding the verdict. Whether or not a motion to direct a verdict has been made or overruled and not later than fourteen days after entry of judgment, a party may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion * * *. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment."

In *Posin v. A.B.C. Motor Court Hotel* (1976), 45 Ohio St.2d 271, 275, 74 O.O.2d 427, 429–430, 344 N.E.2d 334, 338, the Supreme Court of Ohio discussed a judgment notwithstanding the verdict by indicating that the evidence must be construed most strongly in favor of the party against whom the motion is made, and where there is substantial evidence to support that party and reasonable minds could reach different conclusions, the motion must be denied.

■ The question as to inconsistent verdicts arises because a portion of the trial court's instruction was incorrect. The following instruction was given to the jury:

"If you decide that Albert Mayes proved malicious prosecution by a preponderance of the evidence, you may then address whether or not the defendants Smith and Schrader deprived Albert Mayes of a right or rights secured by the Constitution and the laws of the United States and second that the defendants deprived Albert Mayes of such constitutional rights under color of law."

This instruction is not correct because the Section 1983 action does not require, as a predicate, proof of the malicious criminal prosecution. The Section 1983 action can arise from a warrantless arrest and detention in violation of the Fourth Amendment. Section 1983, Title 42, U.S.Code provides as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress * * *."

In *Roe v. Franklin Cty.* (1996), 109 Ohio App.3d 772, 673 N.E.2d 172, this court set forth the purpose of Section 1983 as providing "a remedy for violations of substantive rights created by the United States Constitution or federal statute. *Barnier v. Szentmiklosi* (E.D.Mich.1983), 565 F.Supp. 869, 871, reversed in part on other grounds (C.A.6, 1987), 810 F.2d 594, 597. In order to state a claim under Section 1983, it must be established that (1) the conduct in controversy was committed by a person acting under color of state law, and (2) the conduct deprived plaintiff of a federal right, either constitutional or statutory. *Parratt v. Taylor* (1981), 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420, 428–429, reversed on other grounds, *Daniels v. Williams* (1986), 474 U.S. 327, 330, 106 S.Ct. 662, 664, 88 L.Ed.2d 662, 667–668; *1946 St. Clair Corp. v. Cleveland* (1990), 49 Ohio St.3d 33, 34, 550 N.E.2d 456, 458–459."

■ In this case, the trial court found an inconsistency because it determined that the jury found no malicious criminal prosecution. The trial court found that the interrogatories were in conflict with the general verdict because the jury found probable cause as it pertains to malicious prosecution and, therefore, could not have found a lack of probable cause for the arrest.[1] The

---

1. "Whether a warrantless arrest is ' * * * constitutionally valid depends * * * upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that

court found that malicious criminal prosecution and warrantless arrest and detention overlapped in the element of probable cause since it is defined substantially similar in both actions.

However, the interrogatories did not test malicious prosecution completely. In order to prove a malicious criminal prosecution, one must demonstrate the following elements:

"(1) [M]alice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Trussell v. Gen. Motors Corp.* (1990), 53 Ohio St.3d 142, 559 N.E.2d 732, syllabus.

In this case, the interrogatories tested only the first element of the tort by asking the jury whether the defendants instituted or continued the malicious prosecution of appellant. Lack of probable cause was not tested by interrogatories. Thus, the interrogatories and the general verdict were not inconsistent.

Appellees argue that a judgment notwithstanding the verdict was appropriate because the trial court incorrectly charged the jury by requiring a finding of malicious criminal prosecution before considering a Section 1983 action. Although the trial court did incorrectly charge the jury, it immediately, thereafter, correctly charged the jury, as follows:

"The warrantless arrest and detention of a person implicates a right secured by the federal Constitution. The Fourth Amendment to the United States Constitution requires the states to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty. Therefore, a warrantless arrest made without probable cause constitutes a violation of the Fourth Amendment and may provide the basis for a Section 1983 action."

A correct instruction following an incorrect instruction can cure the original error. *State v. Brand* (1981), 2 Ohio App.3d 460, 463, 2 OBR 556, 559–560, 442 N.E.2d 805, 809–810. In *State v. Lewis* (1993), 67 Ohio St.3d 200, 203, 616 N.E.2d 921, 924, the Supreme Court of Ohio stated that "[a] jury instruction must be viewed in the context of the overall charge rather than in isolation." *Id.,* citing paragraph four of the syllabus of *State v. Price* (1979), 60 Ohio St.2d 136, 14 O.O.3d 379, 398 N.E.2d 772. In this case, since the trial court charged the jury correctly, after the incorrect instruction, any error was corrected.

Further, the error in the charge was harmless, since the jury followed the correct instruction. In *State v. Adams* (1991), 74 Ohio App.3d 140, 598 N.E.2d

the * * * [defendant] had committed or was committing an offense.' " *State v. Heston* (1972), 29 Ohio St.2d 152, 155–156, 58 O.O.2d 349, 351, 280 N.E.2d 376, 379, quoting *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225–226, 13 L.Ed.2d 142, 145.

719, the defendant was convicted of attempted aggravated burglary. The trial court incorrectly instructed the jury as to aggravated burglary but the appeals court determined that the jury actually decided the element of "occupied structure" by virtue of its conviction of the defendant of attempted burglary. By that conviction, the jury necessarily found beyond a reasonable doubt that "at the time any person is present or likely to be present," thus also satisfying one of the alternative definitions for occupied structure. Thus, despite an improper jury charge, the jury "independently performed its function by finding, beyond a reasonable doubt, the existence of every material element of the crime." *Id.* at 145, 598 N.E.2d at 722. The court then concluded that the error was harmless.

As in *Adams,* the jury in this case performed its function independently of any error in the charge. Even though the jury found that appellant had not proven that appellees instituted or continued the malicious prosecution of appellant, they found a lack of probable cause for the arrest and did not confuse the issues as did the trial court in a portion of its instruction. Thus, any error in the charge was corrected and harmless. Appellant's first assignment of error is well taken.

■ By the second assignment of error, appellant contends that the trial court erred in denying as moot appellant's motion for a hearing on attorney fees and prejudgment interest. In its journal entry, the trial court overruled the motion for prejudgment interest as moot and did not address a motion for attorney fees; however, even in the absence of an explicit ruling in an entry, a motion is overruled implicitly by the judgment. *Canady v. Dept. of Rehab. & Corr.* (Nov. 2, 1993), Franklin App. No. 93AP–596, unreported, 1993 WL 460600. R.C. 1343.03(C) provides for prejudgment interest as follows:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case." [2]

Appellant filed a motion for a hearing on his motion for prejudgment interest on January 21, 1997, which the trial court denied as being moot. In light of our ruling on the first assignment of error, this motion and the motion for attorney fees are no longer moot. The trial court should hold a hearing to determine these issues. Thus, appellant's second assignment of error is well taken.

---

2. R.C.1343.03 was amended effective January 27, 1997, but the amendments do not apply to this action.

For the foregoing reasons, appellant's two assignments of error are sustained, and the judgment of the Franklin County Court of Common Pleas is reversed. This cause is remanded to the trial court with instructions to reinstate the judgment in favor of appellant and to hold a hearing on appellant's motions for prejudgment interest and attorney fees.

*Judgment reversed*
*and cause remanded.*

TYACK, P.J., concurs.

CLOSE, J., dissents.

CLOSE, Judge, dissenting.

The majority cites *State v. Adams* (1991), 74 Ohio App.3d 140, 598 N.E.2d 719, for the proposition that the jury "independently performed its function by finding, beyond a reasonable doubt, the existence of every material element of the crime, making an error in the instruction harmless." That clearly was not the case here.

The whole substance of the instruction, on the elements of malicious prosecution, centered around malice:

"The absence of probable cause is the substance of an action for malicious prosecution, and malice may be inferred from the absence of probable cause."

The trial court further went on to charge:

"A criminal prosecution was undertaken without probable cause if the defendant police officers instituted or continued the prosecution without a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that Albert Mayes was guilty of the offense of aggravated burglary."

If malice in this case is proven by a lack of probable cause and malicious prosecution is provable only by the showing of absence of probable cause, then interrogatories 1 and 3 are dispositive of this case, given the instructions as a whole.

The trial court required the jury to find malicious prosecution before considering the Section 1983 action. While the majority opines that the jury found the lack of probable cause for arrest and did not confuse the issues, the record simply does not support that holding. Probable cause was tested. Therefore, any jury finding, per interrogatory, that a Section 1983 violation occurred requires a specific finding that probable cause did not exist, while the malicious prosecution allegation requires that probable cause did exist. As it applies to the context of

this case, malicious prosecution must be equated with probable cause. (I am mindful of *Trussell v. Gen. Motors Corp.* [1990], 53 Ohio St.3d 142, 559 N.E.2d 732.)

Therefore, by the specific finding in the interrogatories, on probable cause, I would concur with the trial court that the interrogatory was inconsistent with the verdict and overrule appellant's first assignment of error, granting judgment to appellees. With the overruling of the first assignment of error, the trial court is obviously correct in holding moot the issue of attorney fees. Therefore, that assignment of error must likewise be overruled. I would affirm the judgment of the trial court.