DECISION AND JUDGMENT ENTRY
{¶ 1} In this accelerated appeal, we are asked to determine whether the trial court abused its discretion in denying appellant's motion for the imposition of Civ. 11 sanctions.
 {¶ 2} On September 10, 2002, counsel for appellee, Suzanne Kreger, Executrix of the Estate of Ann M. Takacs, filed an action for wrongful death/medical malpractice against "The Toledo Hospital"[1] and appellant, Lawrence Spetka, M.D. Kreger alleged that in treating the decedent, the hospital and appellant departed from the generally accepted standards of medical care and, through their negligence, caused the death of Takacs.
 {¶ 3} During the course of those proceedings, Kreger's attorney contacted a vascular surgeon in order to obtain his expert opinion concerning the cause of Takacs' demise. After reviewing the case, the physician wrote a letter to Kreger's attorney in which he stated that he would be unable to provide expert testimony indicating that appellant's treatment of Takacs deviated from the applicable medical standard. Based upon this opinion, Kreger's attorney recommended that she dismiss her cause of action. Therefore, on April 29, 2003, Kreger voluntarily dismissed her wrongful death/medical malpractice suit, without prejudice.
 {¶ 4} On April 30, 2004, Kreger, acting pro se, re-filed her case. It is undisputed that she initially failed to sign her complaint. After being notified of this omission, Kreger returned to the courthouse and signed the complaint. In the meantime, appellant filed a motion to dismiss Kreger's claims or, in the alternative, a motion for summary judgment. The motions were based upon the fact that Kreger failed to sign the complaint as required by Civ.R. 11 and/or that the complaint was filed beyond the one year statute of limitations found in Ohio's savings statute, R.C. 2305.19(A).
 {¶ 5} Kreger responded, asserting that (1) she was advised that she had until the end of the day on April 30, 2004 to re-file her case; (2) after learning that she had not signed her complaint, she returned to the clerk's office and did so; (3) she wanted to obtain the opinion of a physician in the same specialty, neurosurgery, as Dr. Spetka; and (4) she was "working diligently to retain Counsel."
 {¶ 6} Appellant then filed his request for sanctions. He maintained that the suit was groundless due to the fact that in the dismissed case, Kreger's expert opined that "there were no departures from accepted standards of medical care." Although appellant also alleged that Kreger procured a like opinion from a neurosurgeon in Florida, he failed to offer any evidence to support this allegation. Kreger maintained that this was a false statement. Appellant further argued that sanctions should be imposed because Kreger's re-filed complaint was unsigned and untimely.
 {¶ 7} On December 22, 2004, the common pleas court entered a judgment finding that Kreger re-filed her complaint one day after the time frame mandated by R.C. 2305.19(A) and granted the motions to dismiss her case. The trial court did not address appellant's motion for sanctions in its decision. Appellant appeals this judgment and contends that the following error occurred in the proceedings below:
 {¶ 8} "The trial court erred when it implicitly denied defendant's motion for sanctions."
 {¶ 9} As noted infra, the trial court's journal entry dismisses Kreger's wrongful death/medical malpractice action but does not explicitly deny appellant's motion for Civ.R. 11 sanctions; however, even in the absence of an explicit ruling in an entry, a motion is overruled implicitly by the judgment.Mayes v. City of Columbus (1997), 124 Ohio App.3d 411, 417. We shall therefore consider appellant's arguments, which are the same as those raised in the common pleas court.
 {¶ 10} Civ.R. 11 requires an attorney or a party who is not represented by an attorney to sign all pleadings, motions, or other documents. The signature of an attorney or pro se party certifies "that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." Id. If an attorney or pro se party commits a willful violation of Civ.R. 11, he or she "may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. * * *" Id.
 {¶ 11} Civ.R. 11 expressly requires that the conduct of the attorney or pro se party must be willful; mere negligence is insufficient. Riston v. Butler (2002), 149 Ohio App.3d 390,2002-Ohio-2308, at ¶ 9. We employ an abuse of discretion standard in reviewing the trial court's denial of appellant's request for Civ.R. 11 sanctions. Nationsrent dba Central Rent-All v. MichaelConstr. Co., 9th Dist. No. 20755, 2002-Ohio-1380, at ¶ 11, citing State ex rel. Fant v. Sykes (1987), 29 Ohio St.3d 65. A finding of abuse of discretion requires more than simply an error in judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court in reaching its decision. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 12} In the instant case, the evidence offered merely established that Kreger was negligent in failing to sign her complaint, was misguided in her belief that the re-filing of her cause of action was timely, and may have mistakenly believed that the expert opinion of a neurosurgeon would provide good grounds for her claims. However, there is no evidence in the record indicating Kreger willfully violated Civ.R. 11. Therefore, the common pleas court did not abuse its discretion in denying appellant's motion for Civ.R. 11 sanctions, and appellant's sole assignment of error is found not well-taken.
 {¶ 13} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs, pursuant to App.R. 24, of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., concur.
[1] Although Toledo Hospital participated in the proceedings below and filed a motion to dismiss Kreger's suit, it did not file a motion for sanctions and is not a party to this appeal.