TRUSSELL, APPELLEE, *v.*
GENERAL MOTORS CORPORATION ET AL., APPELLANTS.

[Cite as Trussell *v.* General Motors Corp. (1990),
53 Ohio St. 3d 142.]

(Nos. 89-1081 and 89-1082—Submitted June 5, 1990—Decided August 22, 1990.)

144

*Victor A. Hodge* and *Dennis L. Bailey*, for appellee.

*Cowden, Pfarrer, Crew & Becker, Joseph P. Buchanan* and *Jeffrey A. Swillinger*, for appellants.

H. BROWN, J. For the reasons which follow, we affirm the judgment of the court of appeals and remand the cause for a new trial.

I

The primary issue before us is this: must the plaintiff show an arrest or seizure in order to maintain an action for malicious prosecution founded on a prior criminal proceeding? In order to resolve this issue, we must revisit and clarify our prior pronouncements in this area.

Ohio law, like the English common law before it, has long recognized a right to recover in tort for the misuse of civil and criminal actions as a means of causing harm. See *Pope* v. *Pollock* (1889), 46 Ohio St. 367, 368-371, 21 N.E. 356, 356-357; Prosser & Keeton, The Law of Torts (5 Ed. 1984) 870, Section 119 ("Prosser"). Our jurisprudence has developed two lines of cases, one involving claims of malicious prosecution founded on criminal proceedings, and the other involving claims of malicious prosecution founded on civil proceedings. We shall refer to these two kinds of cases as "malicious criminal prosecution" and "malicious civil prosecution," respectively.

The elements of the tort of malicious criminal prosecution were developed in a line of cases[2] culminating in *Rogers* v. *Barbera* (1960), 170 Ohio St. 241, 10 O.O. 2d 248, 164 N.E. 2d 162. The first paragraph of the syllabus of that case states:

"The essential elements of a malicious [criminal] prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the [criminal] defendant."

In actions for malicious civil prosecution, our cases established an additional requirement which was set forth in the first paragraph of the syllabus of *Cincinnati Daily Tribune Co.* v. *Bruck* (1900), 61 Ohio St. 489, 56 N.E. 198:

"As a general rule no suit will lie for the malicious prosecution of a civil action, where there has been no arrest of the person or seizure of property."

Unfortunately, the distinction between causes resulting from criminal actions and causes resulting from civil actions became blurred in two of our more recent cases. *Kelly* v. *Whiting* (1985), 17 Ohio St. 3d 91, 17 OBR 213, 477 N.E. 2d 1123, involved a claim of malicious prosecution founded on the initiation of contempt proceedings for failure to obey a support order issued by a domestic relations court. We noted that the claim failed because plaintiff made no showing that the contempt proceeding terminated in his favor. *Id.* at 94, 17 OBR at 216, 477 N.E. 2d at 1127. We then went on to state in dictum that plaintiff "fails to state a claim for relief because he was not arrested and his property was not seized." *Kelly, supra,* at 94, 17 OBR at 216, 477 N.E. 2d at 1127. In support of this statement, we cited, *inter alia,*

[2] See, *e.g., Woodruff* v. *Paschen* (1922), 105 Ohio St. 396, 137 N.E. 867; *Melanowski* v. *Judy* (1921), 102 Ohio St. 153, 131 N.E. 360.

*Woyczynski* v. *Wolf* (1983), 11 Ohio App. 3d 226, 11 OBR 350, 464 N.E. 2d 612, which stated that seizure was a necessary element of the cause of action for both malicious civil and criminal prosecution.

In *Crawford* v. *Euclid Natl. Bank* (1985), 19 Ohio St. 3d 135, 19 OBR 341, 483 N.E. 2d 1168, we were asked to eliminate the "arrest or seizure" requirement in claims of malicious civil prosecution. In declining to do so, we stated:

"* * * [I]n order to state a cause of action for malicious prosecution in Ohio, four essential elements must be alleged by the plaintiff: (1) malicious institution of prior proceedings against the plaintiff by defendant, * * * (2) lack of probable cause for the filing of the prior lawsuit, * * * (3) termination of the prior proceedings in plaintiff's favor, * * * and (4) seizure of plaintiff's person or property during the course of the prior proceedings * * *." (Citations omitted.) *Id.* at 139, 19 OBR at 344, 483 N.E. 2d at 1171.

At first glance, *Kelly* and *Crawford* would seem to establish, as appellants contend, that "arrest or seizure" is an essential element in all malicious prosecution actions. However, neither case involved a malicious *criminal* prosecution claim. These later cases do not cite, much less purport to overrule, the syllabus of *Rogers* v. *Barbera, supra*. Further, they are inconsistent with *Border City S. & L. Assn.* v. *Moan* (1984), 15 Ohio St. 3d 65, 66, 15 OBR 159, 161, 472 N.E. 2d 350, 352, another case involving a malicious civil prosecution claim, which omits "arrest or seizure" in its listing of the elements of the cause of action. See *Crawford, supra*, at 140, 19

OBR at 345, 483 N.E. 2d at 1172 (Celebrezze, C.J., dissenting); *id.* at 143, 19 OBR at 348, 483 N.E. 2d at 1175 (Douglas, J., dissenting). The dicta in *Kelly* and *Crawford* are not dispositive of the issue before us.

Appellants further contend, in effect, that even if "arrest or seizure" is not a necessary element of an action for malicious criminal prosecution, it should be. They cite to our discussion in *Crawford* where we said that "* * * the requirement of an arrest of the person or seizure of property in malicious prosecution actions is necessary, as a matter of public policy, to dissuade the multiplicity of counter-suits that could occur in the absence of such a requirement. * * *" *Crawford, supra*, at 139, 19 OBR at 344, 483 N.E. 2d at 1171. Appellants urge that similar public policy concerns are applicable in the instant case.

We do not agree. The "arrest or seizure" requirement has been chastised by scholarly commentators, see, *e.g.,* Prosser, *supra*, at 889, Section 120; Palmer, Ohio Criminal Law Review (Vol. 3, No. 6, 1985) 325, and has been eliminated in the Second Restatement of Torts as well as in a majority of our sister states. See 3 Restatement of the Law 2d, Torts (1977), Section 653 (malicious criminal prosecution) and Section 674 (malicious civil prosecution). See, also, Reporter's Note to Section 674 (stating that this section "is now a clear and growing majority rule followed by some 30 states. * * *").[3]

We think this is the better rule. The tort of malicious criminal prosecution compensates the plaintiff for the damage to dignity and reputation caused by false accusation of a crime.

---

[3] We express no opinion on the continued viability of the "arrest or seizure" requirement in actions for malicious civil prosecution, as this question is not presently before us.

See *Pope, supra,* at 369-370, 21 N.E. at 357; Prosser, *supra,* at 887, Section 119. The damage occurs whether the plaintiff is arrested or, as in the instant case, haled into court on a summons. Unlike the victim of malicious civil prosecution, the victim of false criminal charges does not have the remedies provided by Civ. R. 11.

Accordingly, we take this opportunity to clarify and reaffirm the existing law. We hold that the elements of the tort of malicious criminal prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. Arrest of the plaintiff or seizure of his property is not a necessary element. To the extent that it implies a contrary rule, we disapprove of *Woyczynski* v. *Wolf, supra.*

Applying this rule to the instant case, it was error for the trial court to direct a verdict based on Trussell's failure to show he had been arrested. We affirm the judgment of the court of appeals, which reversed on this issue and remanded the cause for trial.

## II

Appellants also contend that Trussell failed to make a showing of lack of probable cause sufficient to survive a motion for directed verdict. The trial court decided the case on the absence of an arrest or seizure, not the absence of evidence relating to probable cause. The court of appeals held that in construing the evidence most favorably for Trussell, reasonable minds need not come to a conclusion adverse to Trussell on the question of probable cause.

As the trial court noted, resolution of the probable cause issue depends on whether the trier of fact believes Trussell or Harris. Where the testimony on a material issue of fact conflicts, a directed verdict is inappropriate. See, *e.g., O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215, 58 O.O. 2d 424, 280 N.E. 2d 896. Accordingly, we affirm the judgment of the court of appeals on this issue.

### Conclusion

The judgment of the court of appeals is affirmed in all respects and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.