OPINION
In a case alleging malicious prosecution, plaintiff-appellant, Glenda S. Curtsinger, appeals the decision of the Clermont County Court of Common Pleas to grant a directed verdict in favor of defendant-appellee, Mark A. Penn. We affirm the decision of the trial court.
Appellant is married to Tim Curtsinger. Atasha Curtsinger, age sixteen, is Tim's daughter from a previous marriage to Bridgetta Moler and is appellant's stepdaughter. In 1994, Tim Curtsinger was charged with menacing by stalking with respect to Moler. Due to this charge, Tim Curtsinger and appellant appeared at a hearing before the Clermont County Mediation Program. As part of a signed settlement, Tim Curtsinger and appellant agreed "to leave [Moler] alone."
Penn is a deputy sheriff with the Clermont County Sheriff's Department. Based on the record, Penn had the following information before appellant was arrested: On September 28, 1997, Atasha began working at McDonald's on Hospital Drive in Batavia, Clermont County, Ohio. A police report states that appellant went to this McDonald's every day, ordered ice cream and/or water, and watched Atasha from the parking lot. On August 2, 1997, the management of McDonald's called 911 and a deputy sheriff arrived at the scene. The manager of the McDonald's had asked appellant to leave the premises and appellant had refused.
On August 11, 1997, appellant was at Sycamore Park in Batavia at the same time as Atasha. On August 12, 1998, appellant was again present at the McDonald's on Hospital Drive. An incident report dated September 12, 1997 states that appellant told Atasha on the phone that she had had a dream in which Atasha was "dead in a coffin," and "all of her dreams come true."
On September 14, 1997, Atasha attended the birthday party of Tim Curtsinger, although Penn was not aware of this fact until the trial in municipal court. On September 18, 1997, Penn met with Atasha. Penn could not obtain a written statement from Atasha because she was "crying and emotionally upset." On the same day, Penn signed a complaint alleging that appellant had violated R.C.2903.211, menacing by stalking.[1] Based on the complaint, a warrant for appellant's arrest was issued. On October 3, 1997, appellant was arrested at her residence. Appellant pled not guilty to the charge. On December 12, 1997, the case went to trial in the Clermont County Municipal Court. During the prosecution's case-in-chief, the court dismissed the case and appellant was discharged.
Appellant filed a civil complaint in the Clermont County Court of Common Pleas alleging Penn had committed the tort of malicious prosecution in the course of assisting in her attempted prosecution. The case proceeded to trial by jury on October 26, 1998. After appellant's case-in-chief, Penn moved for a directed verdict. The motion was overruled by the trial court. At the close of the defendant's case, Penn again moved for a directed verdict. The motion was granted by the trial court. The court found Penn had statutory immunity pursuant to R.C.2744.03(A) (6) (b).[2] From this decision, appellant filed a timely notice of appeal and presents one assignment of error for our review:
 The Trial Court Erred To The Prejudice Of The Appellant In Granting Appellee's Motion For Directed Verdict.
A trial court must grant a motion for a directed verdict where reasonable minds construing the evidence most strongly in favor of the nonmoving party could come to only one conclusion and that conclusion is adverse to such party. Civ.R. 50(A) (4); TheLimited Stores, Inc. v. Pan American World Airways, Inc. (1992),65 Ohio St.3d 66, 73. The court does not weigh evidence or consider the credibility of the witnesses, it must only determine whether there exists any evidence of substantial probative value in support of the claims of the party against whom the motion is directed. Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116,119.
The elements of malicious prosecution are "(1) malice in instituting or continuing the prosecution, (2) the lack of probable cause for undertaking the prosecution, and (3) termination of the prosecution in favor of the accused." Mayes v.Columbus (1995), 105 Ohio App.3d 728, 736, citing Trussell v. Gen.Motors Corp. (1990), 53 Ohio St.3d 142. "The test for probable cause is whether the facts or circumstances within the officer's knowledge were sufficient to warrant a prudent individual in believing that the defendant had committed or was committing an offense." State v. McDonald (May 3, 1999), Warren App. No. CA98-08-107, unreported, at 7, citing State v. Heston (1972),29 Ohio St.2d 152, paragraph two of the syllabus. "Malice," in this context, means "an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice." Id., citing Criss v. Springfield Twp. (1990), 56 Ohio St.3d 82, 85. In determining whether a defendant had an "improper purpose," "an inquiry must be made into the decision to prosecute." Id.
Therefore, "the absence of probable cause is the gist of an action for malicious prosecution, and malice may be inferred from the absence of probable cause." Id., citing Melanowski v. Judy
(1921), 102 Ohio St. 153, paragraph one of the syllabus.
As an employee of a political subdivision exercising a government function, Penn had immunity unless his actions were manifestly outside the scope of his employment and/or reckless, in bad faith or for a malicious purpose. R.C. 2744.03(A) (6) (b). Thus, in order to overcome sovereign immunity, appellant must show malice, which is the same standard for proving malicious prosecution. We find, whether analyzed in terms of sovereign immunity or the elements of malicious prosecution, appellant's case was properly dismissed as a matter of law.
Having reviewed the entire record, we do not find any credible evidence that Penn acted in a malicious or reckless manner. At best, the evidence shows Penn could have more thoroughly questioned all the parties involved and/or conducted more of the investigation on a first-hand basis. Nevertheless, the record is replete with instances that would lead a reasonable, prudent officer to conclude appellant could be charged with menacing by stalking. The warrant for arrest was not based upon a single instance, nor was the evidence based upon information provided by a single witness. The manager of the McDonald's had no apparent bias in the matter. The 1994 incident, although more directly concerning appellant's husband and Moler, is further evidence of a past problem between Moler and the Curtsingers and was a relevant factor for Penn to consider.
The criminal proceeding ultimately was dismissed because the prosecution could not present evidence from which a reasonable trier of fact could conclude beyond a reasonable doubt that appellee was guilty of menacing by stalking. However, that fact is not dispositive of the issue before the trial court in the civil case for malicious prosecution. The issue is whether Penn acted with malice at the time the warrant to arrest appellant was sought. After reviewing the record, we conclude that the answer is no.
Appellant also argues that the trial court erred by failing to admit proffered exhibit 38, the trial transcript of appellant's criminal trial. The issue in the civil malicious prosecution trial was whether Penn acted in a malicious manner by arresting appellant on September 18, 1998. As noted, in reaching that determination, the paramount issue is whether Penn had probable cause to believe appellant committed the offense of menacing by stalking. The evidence at the criminal trial does not necessarily represent the same evidence a police officer might reasonably rely upon when determining probable cause. Moreover, appellant was given the opportunity to use the transcript of the criminal trial when questioning witnesses. The trial court was within its discretion to refuse to admit exhibit 38. See Evid.R. 403. The assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.
[1] R.C. 2903.211(A) states that "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that offender will cause physical harm to the other person or cause mental distress to the other person."
[2] R.C. 2744.03(A) (6) (b) provides immunity for Penn unless his "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]"