Plaintiff-appellant Chenita Rios appeals from the summary judgment entered in favor of defendants-appellees The Grand Slam Grille, et al. arising out of plaintiff's claim for defamation, malicious prosecution and abuse of process. Plaintiff contends that material issues of disputed fact precluded the award of summary judgment. We find merit to the appeal and reverse and remand.
This case arose out of an episode at The Grand Slam Grille on February 18, 1996 in which plaintiff left without paying for food after an unsatisfactory experience with the service and the food preparation. This eventually led to her arrest for assaulting a police officer.
On February 18, 1996, plaintiff, along with her husband and a number of friends, arrived at the restaurant near closing time and ordered food and drinks. Plaintiff alleged that she and her party received terrible service and were treated discourteously by the waiter and Eric Shively, the manager. Finally, plaintiff ordered and received a hamburger that was not prepared to her satisfaction. In addressing her complaint, the manager touched the burger with his bare hands and refused to have it recooked or credit her bill. At this point, plaintiff and her party elected to leave and refused to pay the $12.00 bill. The Grand Slam reported the matter to the Cleveland Police. As a direct result of the information provided, arrest warrants were issued for plaintiff and her husband for theft, felonious assault and robbery. One week later, as plaintiff and her husband were driving to church with their two-year-old child, they were stopped, arrested and taken to jail. The plaintiff was charged with assaulting the arresting officer. However, plaintiff was never prosecuted with respect to the events of February 18, 1996. Her husband was indicted for the crime of theft, but his charges were subsequently nolled.
On May 1, 1996, plaintiff and her husband filed a single count complaint in which they alleged that the defendants maliciously prosecuted them because of the events which occurred on February 18, 1996 at the The Grand Slam Grille. In paragraph four of their complaint, they stated:
 After the plaintiffs left, the defendant Eric Shively and/or other agents of the defendant Grand Slam Grille maliciously instituted criminal proceedings against the plaintiffs by calling authorities and stating that the plaintiffs had committed grievous wrongs against himself and/or the defendant and asked the authorities to institute criminal proceedings against the plaintiffs which was done based on said allegations.
On August 5, 1997, plaintiffs voluntarily dismissed their action without prejudice. This dismissal was later confirmed by the court's entry of a dismissal without prejudice on December 2, 1997.
On November 26, 1997, plaintiff and her husband filed a new action arising out of the events of February 18, 1996. In their first cause of action they made basically the same allegations as set forth in their original complaint relating to malicious prosecution. They added a second cause of action arising out of the same events in which they alleged that defendants' conduct amounted to an abuse of process. On May 13, 1998, the plaintiff filed a motion to file an amended complaint which added a third and fourth cause of action alleging defamation and a loss of consortium.
On May 27, 1998, the defendants filed an answer to the amended complaint denying the allegations contained therein. Subsequently, on May 28, 1998, defendants filed a motion for summary judgment in which they alleged that the husband's claim should be denied because probable cause existed to initiate a criminal complaint against him based on his indictment for the activities which took place on February 18, 1996. As to Mrs. Rios, defendants alleged that her claim should also be dismissed as it lacked any basis since she was arrested for assaulting a police officer not for walking out on the bill at The Grand Slam Grille. At the same time, defendants filed a motion to dismiss plaintiff's defamation count as barred by the one-year statute of limitations.
On July 22, 1998, the trial court granted defendants' motion to dismiss the defamation count and their summary judgment motion as to the claims of Mrs. Rios. However, the trial court denied the motions as they related to her husband. Subsequently, on August 7, 1998, her husband's complaint was dismissed with prejudice. On September 2, 1998, plaintiff Mrs. Rios filed the instant appeal.
We will address the assignments of error in the order asserted.
 I. THE COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS AS IT RELATES TO APPELLANT'S CLAIM OF DEFAMATION.
In granting defendants' motion to dismiss, the trial court evidently found that the plaintiff Mrs. Rios' defamation claim was barred by the applicable one-year statute of limitations (R.C. 2305.11 (A)). Because the one-year statute of limitations pursuant to R.C. 2305.11 (A) expired before plaintiff added her defamation count to her complaint, the issue then becomes whether her defamation claim asserted in her amended complaint is "substantially similar" to the claims set forth in her original complaint. This determination requires an analysis of the allegations in her successive complaints.
In her original complaint filed on May 1, 1996, plaintiff asserts in paragraph four of the complaint that on February 18, 1996, defendants maliciously instituted criminal proceedings against her by calling authorities and reporting that plaintiff committed "grievous wrongs" against them. After the voluntary dismissal and subsequent refiling under the savings statute (R.C. 2305.19), this allegation was repeated in the refiled complaint on November 26, 1997. On May 13, 1998, the plaintiff filed an amended complaint in which, in addition to the original allegations, a third cause of action for defamation was added which alleged in paragraph seventeen:
 That the statements made by the defendants were false and defamatory which placed the plaintiffs in false light subjected them to ridicule or to be held in contempt by the community and held in a manner intended to injure them in their trade or profession.
Pursuant to Civ.R. 15 (C), a new claim asserted in an amended complaint relates back to the original complaint when the new claim "arose out of the conduct, transaction, or occurrence" set forth in the original complaint. We find that plaintiff's defamation claim in her amended complaint plainly arose out of the "same conduct transaction or occurrence" which transpired on February 18, 1996, previously plead in the original and refiled complaints. Clearly, plaintiff's assertion that defendants made "false and defamatory" statements to the police arose out of the same occurrence as defendants' act of "calling authorities and stating that the plaintiffs had committed grievous wrongs." Accordingly, defendant's defamation claim contained in her amended complaint relates back to her refiled complaint.
Furthermore, in order for plaintiff's defamation claim to survive dismissal, we must find that it was timely filed and saved by the savings statute. Plaintiff's original complaint was filed on May 1, 1996 and the one-year statute of limitations period for her defamation claim expired on February 18, 1997. However, plaintiff did not assert her defamation claim until May 13, 1998, in her amended complaint.
Under R.C. 2305.19, the savings statute, a timely refiled claim relates back to the original filing if certain requirements are satisfied. The savings statute states in pertinent part:
 In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date.
The Ohio Supreme Court has stated that: "The savings statute applies when the original suit and the new action are substantially the same." Children's Hosp. v. Ohio Dept. of PublicWelfare (1982), 69 Ohio St.2d 523, 525. In addition, for purposes of the savings statute, a Civ.R. 41 (A) (1) dismissal is a failure otherwise than upon the merits. Frysinger v. Leech (1987), 32 Ohio St.3d 38, paragraph two of the syllabus; Gardner v. Gleydura (1994),98 Ohio App.3d 277, 279. Therefore, whether plaintiff's new defamation claim relates back to the original complaint under the savings statute depends on whether the defamation claim is "substantially the same" as the claims set forth in the original complaint.
It is established in Ohio that R.C. 2305.19, being a remedial statute, should be construed liberally so that cases may be decided upon their merits rather than on technicalities of procedure. Cero Realty Co. v. American Mfgrs. Mut. Ins. Co.
(1960), 171 Ohio St. 82, syllabus; Kavouras v. Hurt (April 30, 1992), Cuyahoga App. No. 60427, unreported. Furthermore, a complaint is to be similarly construed as "[t]he rules make clear that a pleader is not bound by any particular theory of a claim but that the facts of the claim as developed by the proof establish the right to relief." Illinois Controls, Inc. v.Langham (1994), 70 Ohio St.3d 512, 526, quoting McCormac, Ohio Civil Rules Practice (2 Ed.1992) 102, Section 5.01.
We find that the defamation claim of plaintiff's amended complaint was "substantially the same" as the claims set forth in her original complaint. Both complaints involved the same named defendants and both involved claims which arose out of the defendants' statements made to the police on February 18, 1996. Specifically, plaintiff asserts in her defamation claim that defendants made false statements about the plaintiff that lead to her arrest. Such an allegation of defamatory statements can serve as a basis for slander as well as malicious prosecution and abuse of process, previously plead in the original complaint. We note that Civ.R. 8 (A) requires only that a pleading contain a short and plain statement of the circumstances entitling the party to relief. The party is not required to plead and is not held to specific legal theories of recovery but rather the facts alleged establish the right to relief. Illinois Controls, supra, at 525-526. We believe that the allegations in plaintiff's original complaint are sufficient to set forth a cause of action for defamation against the defendants despite her failure to specifically assert it in her original complaint. Accordingly, in keeping with our duty to construe the savings statute liberally, we conclude that where, as here, the claims made and the relief sought are substantially similar and the named defendants are the same in each complaint, the savings statute should apply to plaintiff's defamation claim.
Plaintiff's Assignment of Error I is sustained.
 II. THE COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT AS IT RELATES TO APPELLANT'S CLAIM OF MALICIOUS PROSECUTION.
Defendants assert that Mrs. Rios cannot maintain her claim for malicious prosecution because she was never charged with respect to the activities which took place at The Grand Slam Grille on February 18, 1996. The only criminal proceedings that were brought against plaintiff Mrs. Rios was an assault charge which arose after she was stopped by police and resisted arrest on February 25, 1996.
Plaintiff, on the other hand, contends that the mere fact that she was never prosecuted for the acts occurring at The Grand Slam Grille would not bar her claim for malicious prosecution so long as the defendants' acts caused her to be placed in jeopardy, i.e., subjected to arrest. Plaintiff contends that the defendants' false and misleading statements to the Cleveland Police lead to the issuing of an arrest warrant which in turn caused her to be apprehended by the police. Her assault charge grew out of that stop. We find that the plaintiff has produced sufficient evidence to support her allegations of malicious prosecution under the law.
In Brand v. Geissbuhler (Feb. 27, 1997), Cuyahoga App. No. 70565, unreported, this Court described the tort of malicious criminal prosecution as follows:
 The tort of malicious criminal prosecution provides redress for the harm to a plaintiff's dignity and reputation occasioned by the misuse of criminal proceedings. Criss v. Springfield Twp. (1990), 56 Ohio St.3d 82, 84. In order to prevail the plaintiff must prove by a preponderance of the evidence the following elements: (1) malice in instituting or continuing the prosecution, (2) lack of probable cause for undertaking the prosecution, and (3) termination of the prosecution in favor of the accused. Trussell v. General Motors Corp. (1990). 53 Ohio St.3d 142, syllabus.
 A termination in the accused's favor occurs when the final disposition indicates the accused is innocent. An unconditional, unilateral dismissal of criminal charges or an abandonment of a prosecution by the prosecutor or the complaining witness that results in the discharge of the accused generally constitutes a termination in favor of the accused. Ash v. Ash (1995), 72 Ohio St.3d 520. In the instant case, appellants' case was dismissed for want of prosecution. This is sufficient under Ash to constitute a termination in appellants' favor.
 The Supreme Court of Ohio has defined "malice" for purposes of a claim of malicious prosecution as "an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice." Criss, supra, at 85. In determining whether a criminal prosecution was instituted or continued for an improper purpose, inquiry must be made into the basis for the decision to prosecute. In the absence of evidence showing a basis for the decision, it will appear to have been made without any basis or maliciously. Id. at 85. The absence of probable cause is the gist of an action for malicious prosecution, and malice may be inferred from the absence of probable cause.
 The determination of whether a criminal prosecution was undertaken in the absence of probable cause entails an inquiry into the facts or circumstances actually known to or which were reasonably within the contemplation of the defendant at the time of the instigation of criminal proceedings. McFinley v. Bethesda Oak Hosp. (1992), 79 Ohio App.3d 613. A defendant meets the requirement of probable cause if he has a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that the person accused is guilty of the offense charged. Ash v. Marlow (1851), 20 Ohio 119. There is no requirement that there be enough evidence to ensure a conviction. Deoma v. Shaker Heights (1990), 68 Ohio App.3d 72, 77. The defendant's conduct should be measured in light of the facts and circumstances the defendant knew or reasonably should have known at the time of the filing of the criminal complaint. Portis v. TransOhio Savings Bank (1988), 46 Ohio App.3d 69, 70.
It is well established in Ohio that an arrest of the plaintiff is not a necessary element to establish a claim for malicious criminal prosecution. Trussell v. General Motors Corp. (1990),53 Ohio St.3d 142, syllabus. In Trussell, the Supreme Court reasoned:
 The tort of malicious criminal prosecution compensates the plaintiff for the damage to dignity and reputation caused by false accusation of a crime. See Pope, supra, at 369-370, 21 N.E. at 357; Prosser, supra, at 887, Section 119. The damage occurs whether the plaintiff is arrested or, as in the instant case, haled into court on a summons. Unlike the victim of malicious civil prosecution, the victim of false criminal charges does not have the remedies provided by Civ.R. 11.
Id. at 145-146.
It is undisputed that the prosecution was terminated in plaintiff's favor as the criminal charges instituted by defendants were dismissed and abandoned. However, there are disputes between the parties as to whether defendants maliciously instituted the criminal proceedings against plaintiff and whether defendants had probable cause to file the criminal complaint.
The record reflects that this case arose over the failure to pay a $12.00 restaurant bill. When the Rios' refused to pay their food bill, the manager, Eric Shively, called the Cleveland Police and signed a criminal complaint against both of the parties. In this complaint, Shively sought criminal charges for robbery and felonious assault.
There is no question that there was a dispute over both the service and the food which required the manager to come to the table three times to calm things down and address the problem. This led to Shively touching Mrs. Rios' burger with his bare hands and refusing to send it back to the kitchen for proper cooking. After being called back to the table by the waiter, Shively looked at the "burger" and, based on his visual observation, sided with the waiter. Mrs. Rios then asked Shively to credit her bill, but he again refused.
Plaintiff and her party subsequently left the restaurant. Plaintiff felt that she and her party had been treated disrespectfully when Shively handled the food with his bare hands, but still refused to rectify the situation by crediting her bill. The evidence reflects that the drink bill was fully paid. However, plaintiff's party had not yet received their food bill when they left. Why this episode escalated to serious criminal charges is a question of dispute between the parties.
Based on the foregoing, we find that there was clearly a genuine issue of material fact whether the defendants reported the matter to the Cleveland Police out of malice and without probable cause. Accordingly, defendants were not entitled to judgment as a matter of law and summary judgment was inappropriate.
Plaintiff's Assignment of Error II is sustained.
 III. THE COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS IT RELATES TO HER CLAIM OF ABUSE OF PROCESS.
In her last assignment of error, plaintiff asserts that defendants' institution of criminal proceedings against her to collect a $12.00 food bill was unjustified and an abuse of process. Therefore, the trial court erred in granting summary judgment in favor of the defendants on this claim. We agree that summary judgment was improperly granted on this claim.
"In order to establish a claim of abuse of process, a plaintiff must satisfy three elements: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.'" Robb v.Chagrin Lagoons Yacht Club, Inc. (1996), 75 Ohio St.3d 264, 270, quoting Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A. (1994),68 Ohio St.3d 294, 298. In Robb, the Court further stated:
 "`[A]buse of process' differs from `malicious prosecution' in that the former connotes that use of process properly initiated for improper purposes, while the latter relates to the malicious initiation of a lawsuit which one has no reasonable chance of winning." Clermont Environmental Reclamation Co. v. Hancock (1984), 16 Ohio App.3d 9, 11, 16 OBR 9, 12, 474 N.E.2d 357, 362. In an abuse of process case, "[t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." Prosser Keeton on Torts (5 Ed.1984), 898, Section 121. Simply, abuse of process occurs where someone attempts to achieve through use of the court that which that court is itself powerless to order.
Id. at 271.
As discussed above in response to Plaintiff's Assignment of Error II, we find that a genuine issue of material fact exists as to whether defendants had probable cause to institute criminal proceedings against plaintiff based on the events that occurred on February 18, 1996. Accordingly, defendants are not entitled to judgment as a matter of law and the trial court erred in awarding summary judgment in their favor on this abuse of process claim.
Plaintiff's Assignment of Error III is sustained.
Judgment reversed and remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellees her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY. J. CONCURS.MICHAEL J. CORRIGAN. J.. DISSENTS.(SEE DISSENTING OPINION ATTACHED).
 _______________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE