JOURNAL ENTRY AND OPINION
Starlene Clark appeals from a judgment of the common pleas court granting a motion for relief from a $25,000 compensatory and $25,000 punitive damages default judgment filed by Marc Glassman, Inc. dba Marc's. On appeal, Clark urges that Marc's failed to establish excusable neglect or that it had a meritorious defense, and therefore, she requests that we reverse the court's Civ.R. 60(B) order and reinstate the $50,000 default judgment originally entered in her favor. Marc's, on the other hand, asserts that the trial court properly exercised its discretion in granting relief from judgment because the store satisfied the requirements of Civ.R. 60(B). After review of the record, we affirm the judgment of the trial court.
The history of the case reveals that Clark worked as a cashier at Marc's store located at 13883 Cedar Road in South Euclid, Ohio. According to John A. Krall, a security employee at that location, he observed Clark remove merchandise from the store without paying for every item. Krall detained Clark until police arrived, he provided police with a statement accusing Clark of theft, and police then transported Clark to the station. Marc's and Krall caused a criminal theft complaint to be filed against Clark in South Euclid Municipal Court. Although the record is unclear as to the final disposition of these charges, it appears that they were eventually dismissed.
On April 12, 2000, Clark filed a complaint against Marc's and Krall alleging malicious prosecution and wrongful imprisonment. Clark served the complaint and summons on Marc's and Krall by certified mail at the South Euclid Marc's store. Michael Benner, the assistant manager of the South Euclid store, signed the certified mail return receipt, but according to Marc's, failed to forward the complaint and summons to its corporate office.
Neither Marc's nor Krall answered the complaint, and on June 20, 2000, Clark filed a motion for default judgment. Thereafter, the court conducted a default hearing, and on June 29, 2000, the court granted a default judgment in favor of Clark and against Marc's and Krall in the amount of $25,000 in compensatory damages and $25,000 in punitive damages plus costs.
On August 1, 2000, Clark attempted to execute on her judgment against Marc's at National City Bank. The bank notified Marc's on August 8, 2000, and on the next day, Marc's filed a motion for relief from judgment, claiming excusable neglect because its corporate office never received service of the complaint and summons.
The court conducted a hearing on Marc's Civ.R. 60(B) motion, and on August 30, 2000, it granted Marc's motion for relief from judgment. Clark now appeals, raising two assignments of error for our review. They state:
 I. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT AS DEFENDANT FAILED TO ESTABLISH THAT ITS ADMITTED NEGLECT WAS EXCUSABLE.
 II. DEFENDANT FAILED TO ESTABLISH THAT IT HAD A DEFENSE.
Clark argues that the court erred in granting Marc's relief from judgment because it failed to establish two requisite elements under Civ.R. 60(B)(1), viz., excusable neglect and that it had a meritorious defense. Marc's counters that it satisfied the requirements of Civ.R. 60(B)(1) and corresponding case law, and therefore urges us to affirm, contending that the court did not abuse its discretion in this regard. Civ.R. 60(B) provides in relevant part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 (1) mistake, inadvertence, surprise or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
 (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
 (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
Our standard of review for cases involving whether or not relief from judgment should be allowed has been articulated in Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, where the court stated:
 A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. * * * [Citations omitted.]
In paragraph two of its syllabus in GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, the court stated:
 2. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that:
 (1) the party has a meritorious defense or claim to present if relief is granted;
 (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and
 (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Marc's moved for relief from judgment under Civ.R. 60(B)(1), asserting excusable neglect. Clark's position is that Marc's failed to prove excusable neglect, and instead, asserts that Marc's failure to appear showed a disregard for judicial proceedings.
Our review of the record reveals that Clark served Marc's with a complaint by certified mail at its South Euclid store; that a former assistant manager of that store, Michael Benner, received it on May 1, 2000, as evidenced by his signature on the certified mail return receipt a few days before his transfer to another Marc's store; and further, that Clark never served her complaint on Marc's corporate office, in-house legal department, or statutory agent for service of process.
In addition, according to the affidavit and testimony of Janet Meluch, the customer relations manager at Marc's corporate office, her department deals with non-commercial litigation, and her department never received Clark's complaint. Meluch further testified that her first notice of the lawsuit came when National City Bank contacted Marc's on August 8, 2000, regarding Clark's attempt to collect on the $50,000 default judgment.
Ohio courts have consistently held that * * * relief from default judgment may be granted on the basis of excusable neglect when service is properly made on a corporation but a corporate employee fails to forward the summons and complaint to the appropriate person. See, e.g., Perry v. General Motors Corp. (1996), 113 Ohio App.3d 318, 323, quoting Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578, 582, citing Sycamore Messenger, Inc. v. Cattle Barons, Inc. (1986), 31 Ohio App.3d 196,197; Enhanced Systems, Inc. v. CBM Computer Ctr. (July 20, 1989), Cuyahoga App. No. 56978, unreported.
Clark urges that because Marc's did not produce Michael Benner at the hearing to explain his handling of her complaint, the court should have concluded that Benner neglected it, ignored it or simply threw it away. Further, Clark believes that we should presume that Benner actually forwarded the complaint and summons to the appropriate person, and that Marc's failure to produce him supports this presumption. However, as Marc's points out, Clark's counsel could have subpoenaed Benner for the hearing, and more importantly, the evidence presented at the hearing does not support Clark's assumption.
Clark also maintains that Marc's failed to establish that it had a meritorious defense to her complaint. Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. Here, Marc's produced John A. Krall's statement to the South Euclid Police Department, wherein he asserted that he observed Clark removing merchandise from the store without paying for every item. Marc's also produced a copy of its proposed answer, which echoed these allegations. If true, these allegations constitute an absolute defense to Clark's claims of malicious prosecution and wrongful imprisonment.
In Ash v. Ash (1995), 72 Ohio St.3d 520, 522, the court reiterated the elements of malicious prosecution:
 This court previously has held that "the elements of the tort of malicious criminal prosecution are
 (1) malice in instituting or continuing the prosecution,
(2) lack of probable cause, and
 (3) termination of the prosecution in favor of the accused."
 Trussell v. Gen. Motors Corp. (1990), 53 Ohio St.3d 142, 559 N.E.2d 732, syllabus. A private person who initiates or procures the institution of criminal proceedings against another is not subject to liability unless the person against whom the criminal proceedings were initiated proves all three of the above-listed elements. See 3 Restatement of the Law 2d, Torts (1977) 406, Section 653.
The burden of proof to establish a prima facie case of malicious prosecution rests with Clark. Likewise, as the court stated in Bennett v. Ohio Dept. of Rehab. Corr. (1991), 60 Ohio St.3d 107, 109:
 False imprisonment occurs when a person confines another intentionally "`without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" Feliciano v. Kreiger (1977), 50 Ohio St.2d 69, 71, 4 O.O.3d 158, 159, 362 N.E.2d 646, 647, quoting 1 Harper James, The Law of Torts (1956) 226, Section 3.7. * * *
Marc's has asserted a defense under R.C. 2935.041, which states in relevant part:
 (A) A merchant, or his employee or agent, who has probable cause to believe that items offered for sale by a mercantile establishment have been unlawfully taken by a person, may, for the purposes set forth in division (C) of this section, detain the person in a reasonable manner for a reasonable length of time within the mercantile establishment or its immediate vicinity.
* * *
 (C) An officer, agent, or employee of a library, museum, or archival institution pursuant to division (B) of this section or a merchant or his employee or agent pursuant to division (A) of this section may detain another person for any of the following purposes:
 (1) To recover the property that is the subject of the unlawful taking, criminal mischief, or theft;
 (2) To cause an arrest to be made by a peace officer;
(3) To obtain a warrant of arrest.
* * *
Based on our understanding of the law that an employee's failure to forward a complaint to an appropriate corporate officer for a response can constitute excusable neglect, and based on the statement of Krall and Marc's assertion of its statutory right to detain an individual suspected of shoplifting, Marc's satisfied the requirements of Civ.R. 60(B), and in particular, established both excusable neglect and that it had a meritorious defense to Clark's claims of malicious prosecution and false imprisonment. As such, the trial court properly exercised its discretion when it granted Marc's motion for relief from judgment. Accordingly, we reject Clark's assignments of error and affirm the judgment of the trial court.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, ADM. J., and FRANK D. CELEBREZZE, JR., J., CONCUR.