OPINION
On June 17, 1999, appellant, Kim Stull, filed a complaint against appellees, the Village of Perrysville and others, claiming a violation of his constitutional rights under Section 1983, Title 42, U.S. Code and a state law claim for malicious prosecution. The case was removed to the United States District Court, Northern District of Ohio. Said court dismissed the first claim and remanded the second claim to the trial court for consideration.
On July 17, 2000, appellees filed a motion to dismiss the second claim for malicious prosecution. By judgment entry filed January 2, 2001, the trial court granted said motion and dismissed the claim.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF/APPELLANT'S COMPLAINT UPON DEFENDANT/APPELLEE'S MOTION TO DISMISS BECAUSE PLAINTIFF/APPELLANT PROPERLY ALLEGED A CAUSE OF ACTION SUFFICIENT TO PUT DEFENDANT/APPELLEE ON NOTICE OF THE CLAIMS.
 I
Appellant claims the trial court erred in granting appellees' motion to dismiss. We disagree.
From the wording of the motion to dismiss, the matter raised subjudice could easily fall under Civ.R. 12(B)(6) (failure to state a claim upon which relief can be granted) or Civ.R. 12(C) (judgment on the pleadings).[1]
In order to state a cause of action for malicious civil prosecution, the complaint must allege the following:
 In order to state a cause of action for malicious civil prosecution in Ohio, four essential elements must be alleged by the plaintiff: (1) malicious institution of prior proceedings against the plaintiff by defendant, (2) lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of the prior proceedings. (Crawford v. Euclid Natl. Bank [1985], 19 Ohio St.3d 135, 19 OBR 341, 483 N.E.2d 1168, followed; Trussell v. Gen. Motors Corp. [1990], 53 Ohio St.3d 142, 559 N.E.2d 732, distinguished.)
 Robb v. Chagrin Lagoons Yacht Club, Inc. (1996), 75 Ohio St.3d 264, syllabus.
We have reviewed the complaint and nowhere in the claims or facts is there any allegation of a seizure of appellant's person or property. Appellant argues appellees acts of initiating a 1.5 million dollar lawsuit and requesting a demolition of his property constituted a de facto seizure. We disagree. The Robb court specifically addressed the issue and chose to retain the pre-judgment seizure of property:
 We believe that the interests of justice and judicial economy are best served by continuing to require the element of seizure of property in malicious civil prosecution cases. The damages from being sued civilly are of a different character than from being arrested or haled into court on a criminal charge. A person's freedom is not at stake in a civil trial. Civ.R. 12 allows for the quick disposal of meritless claims, and Civ.R. 11 presents the best avenue to deal early, quickly, and effectively with bogus lawsuits. Also, R.C. 2323.51(B)(1) allows for the award of attorney fees to victims of frivolous conduct in a civil case.
 We echo this court's concern in Crawford that removing the seizure requirement from malicious civil prosecution claims would result in an explosion of claims for malicious prosecution. There are opportunities already built into the civil system to deal with a meritless lawsuit within that same lawsuit, rather than instituting another suit. Every successful summary judgment defendant should not be tempted to file a malicious prosecution claim.
Upon review, we find the trial court did not err in dismissing appellant's claim for malicious civil prosecution.
The sole assignment of error is denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. and Hon. John F. Boggins, J. concur.
[1] Appellees filed an answer with the federal court on August 9, 1999 and with the trial court on April 12, 2000.