[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiff-appellant John M. Maupin's sole assignment of error, which alleges that the trial court erred in granting defendant-appellee Robert Mecum's motion for summary judgment on Maupin's claims for malicious prosecution and abuse of process, is overruled.
{¶ 3} To establish malicious prosecution, Maupin had to show (1) malice in the prosecution; (2) lack of probable cause for pursuing the prosecution; and (3) termination of the prosecution in his favor. SeeTrussell v. General Motors Corp. (1990), 53 Ohio St.3d 142, 559 N.E.2d 732;Norwell v. Cincinnati (1999), 133 Ohio App.3d 790, 729 N.E.2d 1223. A criminal conviction in a court of competent jurisdiction, even though reversed on appeal, establishes a conclusive presumption of probable cause and bars a suit for malicious prosecution. See Courtney v. Rice
(1988), 46 Ohio App.3d 133, 546 N.E.2d 461; Marki v. Marsh Supermarket
(Dec. 31, 1996), 1st Dist. No C-960290.
{¶ 4} Maupin was adjudicated delinquent by the Hamilton County Juvenile Court. The juvenile adjudication, even though reversed on appeal, barred Maupin's malicious-prosecution claim.
{¶ 5} In order to show abuse of process, Maupin had to establish (1) that a legal proceeding had been set in motion in proper form and with probable cause; (2) that the proceeding had been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage had resulted from the wrongful use of process. See Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A.,68 Ohio St.3d 294, 1994-Ohio-503, 626 N.E.2d 115, paragraph one of the syllabus; Smith v. A.B. Bonded Locksmith, Inc. (2001), 143 Ohio App.3d 321,757 N.E.2d 1242.
{¶ 6} We point out that Maupin negated the first element of abuse of process by alleging that the juvenile proceedings were instituted without probable cause. See Clauder v. Holbrook (Jan. 28, 2000), 1st Dist. No. C-990145. We have reviewed the record, and we hold that there is no evidence of a perversion of the juvenile proceedings or of an ulterior motive on the part of Mecum in filing and pursuing the complaint against Maupin in the juvenile court.
{¶ 7} Therefore, the judgment of the trial court is affirmed.
{¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Hildebrandt, JJ.