OPINION
{¶ 1} Plaintiff-appellant David A. Hamilton appeals from a summary judgment rendered against him on his complaint for malicious prosecution against defendants-appellees Best Buy and David Wessling. Hamilton contends that the trial court erred in granting Best Buy and Wessling's Motion for Summary Judgment, because there is a genuine issue of material fact whether the actions of Best Buy and Wessling were taken with malice and without probable cause. We conclude that there is no genuine issue of material fact, because Hamilton failed to show any evidence that Best Buy or Wessling acted with malice and without probable cause.
 {¶ 2} We conclude that the trial court did not err in rendering summary judgment in favor of Best Buy and Wessling. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} In February, 1997, David Wessling, an employee of Best Buy, reported to the Miamisburg Police Department that David Hamilton obtained a printer from Best Buy by presenting a false receipt. In March, 1997, a complaint for petty theft was filed against Hamilton. It was subsequently determined by a Miamisburg Municipal Court Judge that probable cause existed for the arrest of Hamilton, and an arrest warrant was issued. In April, 2000, Hamilton was arrested and jailed, but released on bond shortly thereafter. In July, 2000, the Miamisburg Municipal Court dismissed the complaint against Hamilton.
 {¶ 4} In December, 2000, Hamilton filed a complaint for malicious prosecution against Best Buy and Wessling. Thereafter, Best Buy and Wessling filed a motion to dismiss, which was granted by the trial court. Hamilton appealed to this court, and we reversed the order of dismissal and remanded this case to the trial court in Hamilton v. BestBuy, Montgomery App. No. 19001, 2002-Ohio-924. Best Buy and Wessling filed an amended motion for summary judgment. The trial court rendered summary judgment in favor of Best Buy and Wessling, finding that there was no genuine issue of material fact, because Hamilton had failed to present any evidence that Best Buy or Wessling had acted with malice and without probable cause. From the summary judgment rendered against him, Hamilton appeals.
 {¶ 5} Best Buy and Wessling have moved to strike Hamilton's appellate brief, upon the ground that it does not comply with the requirements of App.R. 16. They cite division (A)(7) of the Rule, but a more pointed objection might have been based upon division (D), which requires that each reference to the record shall identify the page of the part of the record involved. Hamilton's brief does not comply with this requirement of the Rule. In the interests of justice, we have decided to proceed to decide this case on the merits, notwithstanding Hamilton's counsel's failure to comply with the requirement of App.R. 16(D). Counsel is requested to comply with this rule in future filings of briefs in this court.
 II {¶ 6} Hamilton's sole Assignment of Error is as follows:
 {¶ 7} "THE TRIAL COURT ERRED IN GRANTING DEFENDANTS-APPELLEES' AMENDED MOTION FOR SUMMARY JUDGMENT."
 {¶ 8} Hamilton contends that the trial court erred in granting Best Buy and Wessling's Motion for Summary Judgment, because there is a genuine issue of material fact whether the actions of Best Buy and Wessling in this case were taken with malice and without probable cause.
 {¶ 9} We review the appropriateness of summary judgment de novo, and follow the standards set forth in Civ.R. 56. Koos v. Cent. OhioCellular, Inc. (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,1998-Ohio-389, 696 N.E.2d 201, at ¶ 3 (citation omitted).
 {¶ 10} The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists on the essential elements of the nonmoving party's claims. Dresher v. Burt, 75 Ohio St.3d 280,293, 1996-Ohio-107, 662 N.E.2d 264. The moving party's initial burden is not discharged by making mere conclusory assertions, but must be based on some evidence demonstrating that the nonmoving party has no evidence to support its claims. Id. Summary judgment must be denied if the moving party fails to satisfy its initial burden. Id. If the moving party satisfies its initial burden, the nonmoving party has a reciprocal burden of setting forth specific facts demonstrating that a genuine issue of material fact exists to prevent summary judgment. Id. The nonmoving party may not rest on mere allegations or denials of his pleadings. Id. Summary judgment is appropriate if the nonmoving party fails to satisfy this burden. Id. With this standard in mind, we now address Hamilton's contentions.
 {¶ 11} Hamilton contends that "[t]here is a genuine issue of material fact of malice and probable cause and reasonable minds can come to more than one conclusion, construing the evidence most strongly in favor of appellant when the investigation of an alleged petty theft was incomplete and testimony regarding same equivocal." Hamilton contends that the investigation of the alleged petty theft was incomplete, because no product inventory was ever taken by Best Buy or Wessling. Hamilton further contends that Wessling's testimony regarding the investigation was equivocal, because Wessling testified that he thought the receipt given by Hamilton was a false receipt, since the paper felt different and the type looked different, but at the same time testified that he thought it appeared to be a Best Buy receipt. Hamilton also points out that Wessling testified that he had not checked all of the cash registers in Best Buy for the transaction number on Hamilton's receipt, but had said in his complaint to the police that he had checked every register.
 {¶ 12} A claim of malicious prosecution provides a right to recover for harm caused by the misuse of criminal proceedings. Trussellv. General Motors Corp. (1990), 53 Ohio St.3d 142, 144, 559 N.E.2d 732. To prevail on a claim of malicious prosecution, the following elements must be proven: "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." Id. at 146.
 {¶ 13} "The requirement of malice turns directly on the defendant's state of mind. Malice is the state of mind under which a person intentionally does a wrongful act without a reasonable lawful excuse and with the intent to inflict injury or under circumstances from which the law will infer an evil intent. For purposes of malicious prosecution it means an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice." Criss v.Springfield Tp. (1990), 56 Ohio St.3d 82, 84-85, 564 N.E.2d 440 (internal citations omitted).
 {¶ 14} The evidence in this record, when viewed in a light most favorable to Hamilton, fails to support the proposition that either Best Buy or Wessling acted with malice. Wessling's job at Best Buy included checking customers' receipts when they left the store and stopping suspected shoplifters. Wessling testified that when Hamilton showed him his receipt for a printer, the texture of the receipt and the typed print on the receipt did not appear to be that of a standard Best Buy receipt, although it was of the same color and had the general appearance of a standard Best Buy receipt. Wessling wrote down the transaction number listed on Hamilton's receipt and checked each operating cash register, although not the closed cash registers, to verify the transaction. Wessling discovered that none of the operating cash registers had a transaction number as high as the transaction number from Hamilton's receipt. Wessling suspected that a theft had occurred and reported the events to the Miamisburg Police Department including a description and license plate number of Hamilton's vehicle.
 {¶ 15} Hamilton has failed to rebut any of this evidence. The evidence in the record fails to show that Best Buy or Wessling intentionally committed a wrongful act without a reasonable lawful excuse or with the intent to inflict injury. There is no evidence that Best Buy or Wessling acted with an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice. The record fails to demonstrate any evidence that Best Buy or Wessling acted with malice. Therefore, we conclude that there is no genuine issue of material fact whether the actions of Best Buy and Wessling were taken with malice.
 {¶ 16} Hamilton further contends that probable cause does not exist and therefore, malice can be inferred. "In actions for malicious prosecution, while malice is an essential element, the want of probable cause is the real gist of the action. If want of probable cause be proven, the legal inference may be drawn that the proceedings were actuated by malice." Melanowski v. Judy (1921), 102 Ohio St. 153, 155,131 N.E 360, 19 Ohio Law Rep. 6. We have previously defined probable cause as "[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Quartman v. Martin, Montgomery App. No. 18702, 2001-Ohio-1489, 2001 WL 929949, at *3 (citation omitted).
 {¶ 17} The record also fails to demonstrate any evidence that Best Buy or Wessling acted without probable cause. As previously stated, Hamilton has failed to rebut any of the evidence offered by Best Buy and Wessling in support of their motion for summary judgment. This evidence shows that Wessling had a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that Hamilton was guilty of the offense of theft, and the record is without any evidence to the contrary. In addition, after the complaint for petty theft was filed against Hamilton, it was determined by a Miamisburg Municipal Court Judge that probable cause existed for the arrest of Hamilton, and an arrest warrant was issued. Based on the foregoing, we conclude that there is no genuine issue of material fact whether the actions of Best Buy and Wessling were taken without probable cause.
 {¶ 18} We conclude that there is no genuine issue of material fact, because Hamilton failed to present any evidence that Best Buy or Wessling acted with malice and without probable cause. Accordingly, the trial court did not err in rendering summary judgment in favor of Best Buy and Wessling.
 {¶ 19} Hamilton's sole Assignment of Error is overruled.
 III {¶ 20} Hamilton's sole Assignment of Error having been overruled, the judgment of the trial court is affirmed.
GRADY and YOUNG, JJ., concur.