NEFF, APPELLANT, *v.* ENGLE, APPELLEE.

(No. 85AP-457 — Decided February 13, 1986.)

*Robert P. DiRosario,* for appellant.
*Matan & Smith* and *Steven L. Smith,* for appellee.

STRAUSBAUGH, J. Plaintiff, Michelle P. Neff, f.k.a. Michael B. Neff, appeals from a judgment of the Court of Common Pleas of Franklin County directing a verdict for defendant, Steven R. Engle.

This action commenced with the filing of a complaint by plaintiff against defendant, a member of the Blendon Township Police Department, alleging that defendant arrested plaintiff without cause and without a warrant. As a result, plaintiff was incarcerated in the Franklin County Jail and allegedly suffered humiliation, ridicule, and loss of employment.

Defendant had arrested plaintiff and charged her with disorderly conduct, a fourth degree misdemeanor. At trial on the misdemeanor charge, plaintiff, upon advice of counsel, agreed to a bond forfeiture to conclude the criminal prosecution and, thereafter, brought an action alleging false imprisonment.

At the conclusion of plaintiff's case, the trial court ruled that plaintiff had the burden of showing that the criminal action had been resolved in her favor; that plaintiff had failed to meet this burden; and that this required a directed verdict in defendant's favor.

Plaintiff asserts the following two assignments of error:

"1. The court of common pleas abused its discretion and acted contrary to law in dismissing the within action at the conclusion of plaintiff's case.

"2. The decision of the common pleas court in dismissing the within action at the conclusion of plaintiff's case is against the manifest weight of the evidence."

Plaintiff urges that she did not have the burden of showing that the criminal case was resolved in her favor to sustain an action for false imprisonment.

This court has previously held that a guilty finding in a criminal proceeding is an absolute defense to an action for false arrest or false imprisonment. *Espy* v. *Sears, Roebuck & Co.* (Mar. 18, 1976), No. 75AP-551, unreported. The issue in this case is whether a bond forfeiture also operates as an absolute defense to an action for false imprisonment.

There is no dispute that a bond forfeiture, as a compromise or settle-

ment, would bar an action for malicious prosecution.

"A termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if:

"(a) the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused; * * *." Restatement of the Law 2d, Torts (1977) 419, Section 660.

The rationale for the rule is that:

"* * * Although the accused by his acceptance of a compromise does not admit his guilt, the fact of compromise indicates that the question of his guilt or innocence is left open. Having bought peace the accused may not thereafter assert that the proceedings have terminated in his favor." *Id.* at Section 660 (a), Comment *c.*

We realize that there are distinctions between an action for malicious prosecution and an action for false imprisonment. However, the rationale regarding the effect of a compromise or settlement on the prosecution of an action for malicious prosecution is equally applicable to an action for false imprisonment.

The reason for this rule is that there is, in a compromise or settlement, such an admission of probable cause that a plaintiff cannot afterwards retract it and try the question waived by settlement; or that the accused, having consented to a termination which leaves open the question of guilt and possible conviction, cannot take advantage of it. Accordingly, we hold that a bond forfeiture in a criminal proceeding, as a compromise or settlement, is an absolute defense to an action for false arrest or false imprisonment. See this court's opinion in *Tolliver* v. *Lazarus Co.* (July 14, 1981), No. 81AP-159, unreported.

Therefore, although the trial court erred by holding that plaintiff had the burden of showing that the criminal proceeding was resolved in her favor (an element in an action for malicious prosecution but *not* an element of an action for false imprisonment), it was harmless error inasmuch as the bond forfeiture was an absolute defense in the action for false imprisonment against defendant.

Plaintiff's two assignments of error are overruled, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

MOYER, P.J., and REILLY, J., concur.