976 F.2d 733
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter K. DAVIS, Plaintiff-Appellant,
v.
M. MUNCY; O'Donnell, Defendants-Appellees.
 No. 91-4150.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1992.
 
 1
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 Walter K. Davis, a pro se Ohio resident, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Davis sued two Columbus, Ohio police officers for false arrest and malicious prosecution. After the police were told by a pedestrian that a man matching Davis's description was selling expensive jewelry on the street, the defendants approached Davis about the allegation. After Davis became very agitated about the inquiry, one of the officers, who feared Davis might assault him, conducted a brief frisk which revealed several pieces of what appeared to be expensive jewelry without accompanying receipts. Davis was asked to sit in the police cruiser while the officers radioed in to see if there had been any recent reports of jewelry theft. Davis became increasingly agitated, which led to his being arrested for persistent disorderly conduct. Pursuant to a plea agreement, a bail forfeiture in the amount of $50 was agreed to and entered on the charge of disorderly conduct. The bail forfeiture was suspended for time served.
 
 
 4
 Davis then commenced this § 1983 action for false arrest and malicious prosecution in the federal district court against the two police officers. The district court granted summary judgment in favor of the defendants and dismissed the complaint, finding Davis's bail forfeiture barred his § 1983 cause of action for false arrest and malicious prosecution.
 
 
 5
 On appeal, Davis requested leave to proceed in forma pauperis, which was denied by this court. Davis then paid the filing fee. His pro se brief is construed as raising the same ground for relief that he raised in the district court. He requests the appointment of counsel.
 
 
 6
 Upon review, we affirm the district court's judgment, because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In light of his bail forfeiture, Davis is now estopped from pursuing his claims for false arrest and malicious prosecution under 42 U.S.C. § 1983. See Walker v. Schaeffer, 854 F.2d 138, 143 (6th Cir.1988); see also Neff v. Engle, 501 N.E.2d 675, 676 (Ohio App.1986).
 
 
 7
 Accordingly, we hereby deny his request for the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior District Judge for the Eastern District of Michigan, sitting by designation