JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Starlene Clark, appeals the lower court's order granting summary judgment in favor of Marc Glassman, Inc. ("appellees") and the subsequent dismissal of the case. After reviewing the record and the arguments of the parties, we affirm.
 {¶ 2} On April 12, 2000, appellant filed a complaint against appellees asserting two claims for relief; one claim of malicious prosecution and one claim of false imprisonment. The events that gave rise to the complaint occurred on December 1, 1999. On that day, the appellant was detained by appellee, who was her employer at the time, on theft allegations. A theft offense complaint was filed against appellant in the South Euclid Municipal Court, and on February 22, 2000, the charges were dismissed with court costs assessed to and paid by appellant.
 {¶ 3} An answer was not filed in response to the April 12th complaint, and on June 20, 2000, appellant filed a motion for default judgment. On June 29, 2000, the trial court granted the appellant's motion and entered a judgment against appellees in the sum of $25,000 in compensatory damages and $25,000 in punitive damages. This judgment was later vacated pursuant to two appeals before this court. See Clark v. Marc Glassman, Inc.
(Aug. 30, 2001), Cuyahoga App. No. 78640 (affirming the granting of a motion for relief from judgment); and Clark v. MarcGlassman, Inc., Cuyahoga App. No. 82578, 2003-Ohio-4660 (affirming the trial court's decision to vacate the above default judgment).
 {¶ 4} The appellees filed an answer to the original complaint, and trial was set for March 7, 2005 before a visiting judge. On the day of trial, an issue arose concerning the elements to establish a prima facie case for malicious prosecution, and the trial court requested the parties' positions on the matter. In Trussell v. General Motors Corp. (1990),53 Ohio St.3d 142, the Ohio Supreme Court stated that the essential elements to sustain a claim of malicious prosecution are: "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favorof the accused." Id. (Emphasis added). The lower court questioned whether the prosecution of appellant's South Euclid Municipal Court theft case was terminated in her favor. Pursuant to its reading of applicable case law, the lower court entered the following judgment:
 {¶ 5} "Upon Defendant's oral motion for summary judgment, case is dismissed. No claim upon which relief can be granted. Plaintiff unable to meet the four-pronged requirements of the elements of malicious prosecution. Motion for summary judgment granted."
 {¶ 6} Appellant now appeals the lower court's ruling asserting four assignments of error:
 {¶ 7} "I. Plaintiff was denied due process of law when the court granted an oral motion for summary judgment.
 {¶ 8} "II. Plaintiff was denied due process of law when the court dismissed the malicious prosecution claim where the answer of defendants admitted that the criminal prosecution had been terminated in favor of plaintiff.
 {¶ 9} "III. Plaintiff was denied due process of law when, at a minimum, there were factual issues for jury resolution.
 {¶ 10} "IV. Plaintiff was denied due process of law when the court ruled that her claim for false imprisonment failed to set forth a claim upon which relief could be granted."
 {¶ 11} Since appellant's third and fourth assignments of error concern substantive issues, we will address them first. Appellant challenges the trial court's granting of summary judgment on the basis that her two-count complaint failed to set forth a claim upon which relief could be granted. This court reviews the lower court's granting of summary judgment de novo.Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50,593 N.E.2d 24; Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 12} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 13} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 14} In Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107, 662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied inWing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of factor material element of the nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 15} In this case, the trial court held that summary judgment was proper because appellant could not prove the essential elements to establish a prima facie case of malicious prosecution. This determination was based upon the finding that appellant, as a matter of law, could not establish that the prosecution at issue was terminated in her favor. See,Trussell, supra.
 {¶ 16} "`A termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if: (a) the charge is withdrawn or the prosecution abandoned pursuant to an agreement or compromise with accused; * * *.' Restatement of the Law 2d, Torts (1977), 419, Section 660. The rationale for the rule is that: `* * * although the accused by his acceptance of a compromise does not admit his guilt, the fact of compromise indicates that the question of his guilt or innocence is left open. Having bought peace the accused may not thereafter assert that the proceedings have terminated in his favor. Id. at Section 660(a), Comment c.'" Neff v. Engle
(1986), 28 Ohio App.3d 44, 45, 501 N.E.2d 675.[1]
 {¶ 17} Appellant's case did not terminate in an acquittal, but rather a dismissal with court costs assessed to her. Court costs may be assessed to the accused only via a conviction or agreement. See Cuyahoga Falls v. Coup-Peterson (1997),124 Ohio App.3d 716. According to the Ohio Supreme Court:
 {¶ 18} "A prosecution that is terminated by reason of a voluntary settlement or agreement of compromise with the accused is not indicative of guilt or innocence and, therefore, is not a termination in favor of the accused." Ash v. Ash (1995),75 Ohio St.3d 520.
 {¶ 19} Since appellant's underlying theft prosecution was dismissed, with her agreeing to pay court costs, we agree with the trial court's finding that the prosecution was not terminated in her favor; therefore, she cannot establish a prima facie case for malicious prosecution. We agree with the trial court's determination that the appellant failed to state a claim upon which relief could be granted, and her third assignment of error fails.
 {¶ 20} Our disposition as to appellant's third assignment of error also renders her fourth assignment of error meritless. The court in Neff v. Engle (1086), 28 Ohio App.3d 44 held:
 {¶ 21} "We realize that there are distinctions between an action for malicious prosecution and an action for false imprisonment. However, the rationale regarding the effect of a compromise or settlement on the prosecution of an action for malicious prosecution is equally applicable to an action for false imprisonment.
 {¶ 22} "The reason for this rule is that there is, in a compromise or settlement, such an admission of probable cause that a plaintiff cannot afterwards retract it and try the question waived by settlement; or that the accused, having consented to a termination which leaves open the question of guilt and possible conviction, cannot take advantage of it. Accordingly, we hold that a bond forfeiture in a criminal proceeding, as a compromise or settlement, is an absolute defense to an action for false arrest or false imprisonment." Id. at 45.
 {¶ 23} As such, appellant's contention that the trial court erred in dismissing her false imprisonment claim fails pursuant to our finding concerning her malicious prosecution claim. Since this court holds that appellant's prosecution was not terminated in her favor, we cannot hold that her detention constituted false imprisonment. Therefore, appellant's substantive challenges to the lower court's ruling are without merit.
 {¶ 24} We next turn to appellant's first assignment of error. Here, she argues that she was denied due process because the trial court granted an oral motion for summary judgment without proper advance notice. The record indicates that appellant's trial counsel made no objection to the trial court's actions at any time during the proceedings. In the absence of objection, any error is deemed to have been waived unless it constitutes plain error. To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See State v.Tichon, (1995), 102 Ohio App.3d 758, 767, 658 N.E.2d 16. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions.State v. Waddell, (1996), 75 Ohio St.3d 163, 166,661 N.E.2d 1043. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Phillips (1995),74 Ohio St.3d 72, 83, 656 N.E.2d 643.
 {¶ 25} Upon review of the record, we cannot find that the trial court's actions rose to the level of reversible plain error. In making its ruling, the trial court expressed its belief that this case was directly controlled by case law, which called for the dismissal of the case, and stated:
 {¶ 26} "So I think that that would have been the result had we picked a jury and there would have been a motion at the end of opening statement or at the end of the plaintiff's case. And as I said I'm going to treat this as a normal Motion for Summary Judgment and grant it." (Tr. 16-17.)
 {¶ 27} We find no evidence to refute the trial court's assessment. The appellant could not establish that the outcome of the case would have differed but for any error of procedure. Accordingly, appellant's first assignment of error fails.
 {¶ 28} Finally, in her second assignment of error, appellant contends appellees admitted to malicious prosecution in their answer to the complaint. Paragraph 6 of appellant's complaint states:
 {¶ 29} "Plaintiff states that the criminal charges were thereafter dismissed February 22, 2000."
 {¶ 30} In their answer, appellees admit to the above statement. Appellant contends that this admittance supports her argument that prosecution was terminated in her favor. A plain reading of the complaint and answer demonstrates the clear inaccuracy of that assertion. Appellee merely admits that the prosecution was dismissed on said date. There is no concession that the dismissal constituted a termination in appellant's favor. Furthermore, appellees preserved their contention in Paragraph 16 of their answer, which states:
 {¶ 31} "Plaintiff's Complaint fails to state a claim upon which relief may be granted."
 {¶ 32} We therefore find appellant's second assignment of error to be without merit.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and* George, J., concur.
[1] More recently followed and cited by this Court in Pisaniv. Loparo (1998), Cuyahoga App. No. 73219, pp. 6-7.
* Sitting by Assignment: Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.