# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CHRISTOPHER ANDREWS, et al. | Case No. 2024-00443JD |
| Plaintiffs | Judge Lisa L. Sadler |
| v. | Magistrate Adam Z. Morris |
| OHIO ATTORNEY GENERAL, et al. | <u>DECISION</u> |
| Defendants | |

{¶1} On July 25, 2025, Defendants filed their Motion for Summary Judgment. Pursuant to Civ.R. 6(C)(1), Plaintiffs had until August 22, 2025, to file a response to Defendants' Motion for Summary Judgment, but ultimately failed to file a response.

{¶2} After the summary judgment drafting period closed, and the Motion for Summary Judgment was considered at the non-oral hearing, which occurred on the morning of September 2, 2025, at 8:00 a.m., Plaintiffs filed a Motion to Stay Proceedings at 3:38 p.m. on September 2, 2025. Plaintiffs' Motion to Stay Proceedings is accompanied by a Certificate of Service that states that "a true copy of the foregoing Plaintiffs' Motion to Stay Proceedings was served *via the Court's electronic servicing system* on this 2nd day of September 2025 upon the following. . . ." (Emphasis added).

{¶3} Civ.R. 5(B)(3) provides: "If a local rule so authorizes, a party may use the court's transmission facilities to make service under Civ.R. 5(B)(2)(f)." Section X of the Court's Administrative Rules Regarding Electronic Filing states that "the filing party is responsible to serve all filings on all other parties in an e-File case. The Filing Party may make service upon all other Registered Users of the Odyssey File & Serve™ electronically via email." *See also* L.C.C.R. 4(A)(2)(a) ("The Administrative Rules Regarding Electronic Filing in the Court of Claims, as amended from time to time, governs practice and procedures to be followed regarding the filing of court documents."). Thus,

the Court of Claims does not authorize service via the Court's electronic transmission facilities.

{¶4} Accordingly, the Court sua sponte STRIKES Plaintiffs' Motion to Stay Proceedings from the docket since the Motion has not been properly served in accordance with Civ.R. 5 and L.C.C.R. 4(A)(2)(a), and the record reflects that no proper proof of service has been filed that complies with the aforementioned rules. *See* Civ.R. 5(B)(4) ("The served document shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11. *Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed*.") (Emphasis added).

{¶5} As such, Defendants' Motion for Summary Judgment is now fully briefed and ripe for a decision, and the only motion properly before the Court. For the reasons set forth below, Defendants' Motion is GRANTED.

**Standard of Review**

{¶6} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C):

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St. 3d 280, 292 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id*. at 292-293. "The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims." *Mercer v. Wal-Mart Stores, Inc.,* 2013-Ohio-5607, ¶ 11 (10th Dist.), citing *Dresher* at 293; *Vahila v. Hall,* 77 Ohio St.3d 421, 429 (1997).

{¶7} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

"When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue." *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

**Factual Background**

{¶8} This case arises from Plaintiffs', Christopher Andrews (Andrews) and William Broski (Broski), allegations that Defendants engaged in malicious prosecution related to Plaintiffs' respective criminal cases in the Erie County Court of Common Pleas and argue that the State employees involved in their prosecution are not subject to immunity.

{¶9} Defendants moved for summary judgment, and in support, Defendants filed: (1) Exhibit A, the Plea and Sentencing Hearing transcript in Erie County, Ohio Common Pleas Court, Case No. 2020-CR-0295; (2) Exhibit B, a certified copy of the grand jury indictment for Chris Andrews LLC dba Ohio Truck Sales (OTS) in Erie County, Ohio Common Pleas Court, Case No. 2020-CR-0295; (3) Exhibit C, a certified copy of the grand jury indictment for Broski in Erie County, Ohio Common Pleas Court, Case No. 2020-CR-0293; (4) Exhibit D, a certified copy of the Motion to Dismiss Broski's charges in Erie County, Ohio Common Pleas Court, Case No. 2020-CR-0293; (5) Exhibit E, a certified copy of the September 26, 2022 Judgment Entry in Erie County, Ohio Common Pleas Court, Case No. 2020-CR-0293; and (6) Exhibit F, Andrews' answers to Defendants' first request for admission.[1]

{¶10} The relevant pleadings and evidence submitted, viewed in a light most favorable to Plaintiffs, show the following:

{¶11} Andrews is the owner of OTS and Broski is an employee of OTS. Complaint, ¶ 1-2. In April of 2018, Plaintiffs and OTS were investigated after a former employee made a report that Andrews and OTS were engaging in illegal dumping of chemicals. *Id.* at ¶ 9-10. During the pendency of the investigation into Plaintiffs and OTS, Kenneth J. Egbert, Jr. (Egbert) was employed by the Ohio Attorney General (OAG), Derek Hassinger (Hassinger) was employed by the Ohio Environmental Protection Agency (Ohio EPA), and David A. Weiging (Weiging) was employed by the Bureau of Criminal Investigation (BCI). *Id.* at ¶ 3-5. According to the Complaint, Egbert was the prosecutor in the action

---

[1] Although Defendants' Exhibits do not fully conform with Civ.R. 56(C), upon review, the Court shall nonetheless consider such evidence absent any objections from Plaintiffs. *See State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690, ¶ 33 (10th Dist.), citing *State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8 (Pursuant to Evid.R. 201(B), a court "may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least in so far as they affect the present original action."); *see also Kraczek v. Univ. of Cincinnati*, 2025-Ohio-2607, ¶ 19 (10th Dist.), citing *State ex rel. V Cos. v. Marshall*, 81 Ohio St.3d 467, 473 (1998) ("If an opposing party fails to object to the admissibility of evidence under Civ.R. 56, the court *may* but need not consider such evidence when it determines whether summary judgment is appropriate."); *see also United States Bank N.A. v. Aguilar-Crow*, 2016-Ohio-5391, ¶ 18 (7th Dist.) ("In general, no evidence or stipulation may be considered in ruling on a summary judgment motion except as stated in Civ.R. 56. . .There is an exception where the non-movant fails to object to the movant's summary judgment evidence, in which case consideration of unsworn and unauthenticated exhibits is within the trial court's discretion.").

against Plaintiffs, Hassinger performed the investigation related to Plaintiffs, and Weiging was the lead investigator with respect to the criminal charges brought against Plaintiffs. *Id.* at ¶ 6-8.

{¶12} On September 10, 2020, Andrews and Broski, along with OTS, were indicted in Erie County, Ohio on various criminal charges relating to allegations of illegal chemical dumping. *Id.* at ¶ 72-74; *see also* Defendants' Ex. A-C. Specifically, Andrews was indicted for Open Dumping and Tampering with Evidence, Broski was indicted for Tampering with Evidence and Falsification, and OTS was indicted for Open Dumping of Scrap Tires, Tampering with Evidence, and Falsification. Complaint, ¶ 72-74.

{¶13} Eventually, Andrews attended a Plea and Sentencing Hearing for Erie County, Ohio Case No. 2020-CR-0295 on September 26, 2022. *See* Defendants' Ex. A. During the hearing, Andrews appeared and represented OTS as the owner of the company. *Id.* at p. 6:19-7:5; 7:16-19. At the hearing, Egbert informed the Court that the parties were ready to enter into a plea agreement. *Id.* at p. 4:17-5:17; 5:22-24. Specifically, Egbert explained to the Judge the context of the plea agreement:

> it's our understanding the Defendant is – the Defendant Company, is prepared to enter a no contest plea to one count of illegal operation of a scrap tire storage facility without a license, which is a misdemeanor of the first degree, so it'd be a lesser offense to the charged offenses. In exchange for that, it's agreed between the parties that the Defendant would pay a fine of $5,000, meaning the Company would pay a fine of $5,000, and a total restitution of $8,000 that's owed in the case. The State would be dismissing counts 1 and 2 at sentencing with the Defendant to pay court costs. As stated in the written recommendation, there's no payment of any kind of investigative costs or fees, or other financial sanctions; and the parties would agree not to allocate any further. So we would ask the Court to follow that recommendation as agreed to between the parties. *The State would also be dismissing the case involving Mr. Andrews individually, which is a two-count indictment which we have papers for a motion to dismiss the two counts in this case, and then Mr. Andrews' individual case and a proposed journal entry for the Court's consideration in both cases*.

*Id.* at p. 4:17-5:17 (emphasis added.). Furthermore, Erie County's dismissal entry ordered that court costs be assessed against Andrews in his individual case. *See* Defendants' Ex. F.

{¶14} In addition to the charges being dismissed against Andrews in agreement to OTS pleading no contest to the criminal charge of illegal operation of a scrap tire storage facility without a license, the charges were also dismissed against Broski as part of OTS' plea. *See* Defendants' Ex. D, E. Specifically, the September 26, 2022 Judgment Entry states that the reason that Broski's case was being dismissed was because "in the companion case *State v. Christopher Andrews, LLC,*. . ., the organization which employed the Defendant at the time of the alleged offenses and during the course of Defendant's employment, has entered into a negotiated plea and has been found guilty of a criminal offense related to this matter." Defendants' Ex. E. The Judgment Entry further provided that "[t]he State requests that by agreement of the parties, costs be assessed to [Broski]." *Id.*

**Law & Analysis**

{¶15} Defendants moved for summary judgment herein, asserting that Plaintiffs' malicious prosecution claims fail as a matter of law, as the evidence demonstrates Plaintiffs cannot establish the essential elements necessary to sustain such a claim. Defendants further argue that Plaintiffs cannot demonstrate that Egbert, Hassinger, and Weiging are not entitled to immunity under R.C. 9.86.

{¶16} "The tort of malicious prosecution involves the misuse of the criminal and civil process." *Lacey v. Ohio Auditor of State*, 2019-Ohio-4266, ¶ 14 (10th Dist.). "[M]alicious criminal prosecution protects a criminal defendant's right to recover damages caused by misuse of criminal actions." *Petty v. Kroger Food & Pharmacy*, 2007-Ohio-5098, ¶ 19 (10th Dist.). "The tort of malicious prosecution in a criminal setting requires proof of three essential elements: '(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused.'" *Froehlich v. Ohio Dept. of Mental Health*, 2007-Ohio-4161, ¶ 10, quoting *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 146 (1990).

{¶17} "The lack of probable cause generally becomes the essence of a claim for malicious prosecution for the reason that malice may be inferred if probable cause was not present." *Reinoehl v. Trinity Universal Ins. Co.*, 130 Ohio App.3d 186, 196 (10th Dist.1998). "The absence of probable cause is 'the real gist of the action.'" *Zhelezny v. Olesh*, 2013-Ohio-4337, ¶ 24 (10th Dist.), quoting *Melanowski v. Judy*, 102 Ohio St. 153, 155 (1921). "For purposes of a claim of malicious prosecution, a criminal prosecution was undertaken without probable cause if the defendants instituted or continued the prosecution without a 'reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused [was] guilty of the offense with which he [was] charged . . . .'" *Mayes v. Columbus*, 105 Ohio App.3d 728, 737 (10th Dist.1995), quoting *McFinley v. Bethesda Oak Hosp.*, 79 Ohio App.3d 613, 617 (1st Dist.1992).

{¶18} However, "the return of an indictment by a grand jury raises a rebuttable presumption that probable cause existed for the institution of a prosecution, and it is the plaintiff's onus to rebut such a presumption." *Lacey* at ¶ 20. A plaintiff may overcome this presumption by providing "substantial evidence that the grand jury proceeding received perjured testimony or was otherwise significantly irregular" or by "introducing evidence of a substantial nature which counterbalances the presumption" of probable cause. *Id.*

{¶19} Upon review, the evidence currently before the Court shows that Andrews was indicted by a grand jury in his underlying criminal case. As such, this raises a rebuttable presumption that probable cause existed to prosecute Andrews for his alleged crimes. And Andrews failed to present any Civ.R. 56(E) evidence to rebut this presumption. *See Lacey* at ¶ 20. Additionally, the evidence currently before the Court shows that Broski was indicted by a grand jury in his underlying criminal case. As such, this raises a rebuttable presumption that probable cause existed to prosecute Broski for his alleged crimes. And Broski failed to present any Civ.R. 56(E) evidence to rebut this presumption. *See Lacey* at ¶ 20.

{¶20} Moreover, Plaintiffs' unsupported allegations within their Complaint that there were irregularities in the grand jury proceedings do not rebut this presumption. *See* Civ.R. 56(E); *see also Tompkins*, 75 Ohio St.3d at 449. Accordingly, in light of Plaintiffs'

failure to dispute a material fact regarding whether Defendants lacked probable cause to initiate the charges against them, their malicious prosecution claim fails as a matter of law as to the second element.

{¶21} Additionally, neither Andrews nor Broski can satisfy the third element of a malicious prosecution claim—namely, that the underlying proceedings terminated in their favor.

{¶22} "A proceeding is 'terminated in favor of the accused' only when its final disposition indicates that the accused is innocent." *Ash v. Ash*, 72 Ohio St.3d 520, 522 (1995). Termination in favor of the accused requires "an unconditional, unilateral dismissal of criminal charges or an abandonment of a prosecution by the prosecutor or the complaining witness that results in the discharge of the accused." *Id.* However, termination of prosecution "by reason of a voluntary settlement or agreement of compromise with the accused is not indicative of guilt or innocence and, therefore, is not a termination in favor of the accused." *Id.*

{¶23} Here, Andrews, as OTS' corporate representative, entered a negotiated plea agreement in which OTS pled no contest to one count of operating a scrap tire storage facility without a license, in exchange for dismissal of the individual charges against him. Thus, Andrews understood his individual charges would be dismissed as a result of OTS' plea. Additionally, Andrews agreed to pay court costs in his respective case, which can only be assessed to the accused upon conviction or agreement. *Clark v. Marc Glassman, Inc.*, 2006-Ohio-1335, ¶ 17 (8th Dist.) ("Court costs may be assessed to the accused only via a conviction or agreement.").

{¶24} Similarly, the charges against Broski were ultimately dismissed pursuant to the same plea agreement. *See* Defendants' Ex. D, E (Requesting the charges against Broski be dismissed because "the organization which employed the Defendant at the time of the alleged offenses and during the course of Defendant's employment, has entered into a negotiated plea and has been found guilty of a criminal offense related to this matter."). Additionally, Broski agreed to pay court costs in his respective case, which can only be assessed to the accused upon conviction or agreement. *See Clark*, *supra*.

{¶25} Therefore, the uncontradicted evidence before the Court shows that the criminal proceedings against each Plaintiff did not terminate because of an acquittal or a

unilateral dismissal by the State, rather, the proceedings were resolved by a negotiated plea agreement. Consequently, since the evidence establishes that Plaintiffs' underlying criminal proceedings were not terminated in their favor, Plaintiffs' claims for malicious prosecution fail as a matter of law as to the third element. *See Ash* at 523 ("In the case before us, both lower courts properly concluded, as a matter of law, that the criminal charges were dismissed pursuant to a voluntary agreement of compromise. The prosecutor expressly conditioned the motions to dismiss the criminal charges upon both plaintiffs' agreement to pay court costs and Deborah Ash's consent to a restraining order. It is undisputed that the plaintiffs voluntarily fulfilled those express conditions. Under these circumstances, the dismissal of the criminal charges was not unilateral; the plaintiffs, as well as the prosecutor, gave up something to effectuate the settlement and secure their dismissal.").

{¶26} Upon review, the Court finds that the Civ.R. 56(C) evidence submitted by Defendants establishes that there is no genuine issue of material fact as to whether Defendants' conduct amounted to malicious prosecution against Plaintiffs. While Plaintiffs' Complaint alleges issues with the underlying criminal prosecutions, Plaintiffs have provided no evidence to create a genuine issue of material fact. Accordingly, Plaintiffs have not established the existence of a genuine issue of material fact meeting the reciprocal burden pursuant to Civ.R. 56(E) regarding whether Defendants' conduct amounted to malicious prosecution against Plaintiffs. Therefore, Defendants are entitled to judgment as a matter of law and the granting of summary judgment in its favor.

{¶27} Because Plaintiffs fail to establish their underlying claim for malicious prosecution, the Court need not address Plaintiffs' immunity claims. *See Riccia v. Ohio C.R. Commn.*, 2025-Ohio-754, ¶ 17 (10th Dist.) ("Finally, appellants argue the Court of Claims erred in failing to rule on the merits of their motion for determination of immunity. Because the court determined it must dismiss appellants' complaint, the question of whether individual members of the commission were entitled to immunity became moot.").

**Conclusion**

{¶28} Defendants have met their initial burden, pursuant to Civ.R. 56(C), by showing that there is no genuine issue of material fact as to whether Defendants' conduct

amounted to malicious prosecution against Plaintiffs.  The Court further concludes that Plaintiffs have not met their reciprocal burden, pursuant to Civ.R. 56(E), setting forth specific facts showing that there is a genuine issue for trial.  Even construing the evidence in a light most favorable to Plaintiffs, they failed to demonstrate the existence of a genuine issue of material fact related to whether Defendants' conduct did amount to malicious prosecution against Plaintiffs.  And, as such, the Court need not address Plaintiffs' moot immunity claims.

{¶29} For the above stated reasons, Defendants' Motion for Summary Judgment is GRANTED.  Judgment is rendered in favor of Defendants.


LISA L. SADLER
Judge

[Cite as *Andrews v. Ohio Atty. Gen.*, 2025-Ohio-4746.]

CHRISTOPHER ANDREWS, et al.

    Plaintiffs

    v.

OHIO ATTORNEY GENERAL, et al.

    Defendants

Case No. 2024-00443JD

Judge Lisa L. Sadler
Magistrate Adam Z. Morris

<u>JUDGMENT ENTRY</u>

**IN THE COURT OF CLAIMS OF OHIO**

{¶30} For the reasons set forth in the decision filed concurrently herewith, Defendants' Motion for Summary Judgment is GRANTED. Plaintiffs' Motion to Stay Proceedings is STRICKEN from the docket. Judgment is rendered in favor of Defendants. All previously scheduled events are VACATED. Court costs are assessed equally against Plaintiffs. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

                                  LISA L. SADLER
                                  Judge

**Filed September 5, 2025**
**Sent to S.C. Reporter 10/16/25**